**MEMO ENDORSED**

# Bennett, Giuliano, McDonnell & Perrone, LLP

| New Jersey Office: | 494 8th Avenue, 7th floor | Florida Office: |
|---|---|---|
| 201 Littleton Road | New York, New York 10001 | 6615 West Boynton Beach Blvd |
| P.O. Box 513 | | No. 351 |
| Morris Plains, NJ 07950 | Telephone: (646) 328-0120 | Boynton Beach, FL 33437 |
| Tel. (973) 387-0466 | Telefax:     (646) 328-0121 | Tel. (561) 337-8816 |
| Fax (973) 796-2884 | www.bgmplaw.com | Fax. (561) 337-4653 |

William R. Bennett, III, *Partner*
wbennett@bgmplaw.com

May 9, 2008

Our File: D560

\*   \*   \*

Honorable Leonard B. Sand
United States District Court Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, N.Y. 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-13-08

Re:  (1) <u>Bell v. Carlsen Motor Cars, Inc., et al.</u> 06 CV4974 (LBS)
     (2) <u>Bell v. Carlsen Motor Cars, Inc., et al.</u> 06 CV 11323 (LBS)

Dear Judge Sand:

We represent the defendants in the two above-referenced *pro se* matters, which are identical lawsuits. The first action was dismissed on the grounds that Mr. Bell could not prosecute the claim *pro se*. The Court directed Mr. Bell to obtain an attorney. Despite the Court's ruling, Mr. Bell filed the second *pro se* matter on December 17, 2007. That matter was served on April 22, 2008, after the 120 days allocated for service per Fed.R.Civ.P. 4.

On June 28, 2006, Mr. Bell commenced his initial action against Carlson Motors Cars, Inc. and Richard Pasquale by filing a Summons and Complaint. That action is the first referenced matter above. On December 11, 2006, Your Honor referred the matter to Magistrate Judge Eaton for a disposition on whether plaintiff could proceed *pro se*. On June 7, 2007, Judge Eaton issued a Report and Recommendation to Your Honor recommending that Mr. Bell be directed to cause an attorney to file a notice of appearance to pursue whatever claims may be possessed by the defunct Naki General Investments LLC or by Mr. Bell as an assignee of Naki. Judge Eaton further recommended that if an attorney did not file such a notice of appearance within a specified time that the Complaint be dismissed with costs for failure to comply with that order.

**MEMO ENDORSED**



On October 10, 2007, Your Honor issued a Memorandum and Order wherein Your Honor adopted the Report and Recommendation of Judge Eaton dated June 1, 2007 and directed Mr. Bell to cause an attorney to file a notice of appearance by November 15, 2007. Your Honor further held that if an attorney did not file such notice by November 15, the Complaint would be dismissed without prejudice and with costs. On October 29, 2007, Mr. Bell filed a motion for leave to file an interlocutory appeal. On November 7, 2007, Mr. Bell was denied leave to file an interlocutory appeal the court holding that there was no need for an interlocutory appeal because as the October 10, 2007 Order indicated if there was no notice of appearance filed by November 15, 2007 the complaint would be dismissed. On November 16, 2007, Your Honor issued a Memorandum and Order dismissing the Complaint without prejudice and with costs.

On December 17, 2007, Mr. Bell filed a Notice of Appeal from Your Honor's November 16, 2007 Memorandum and Order. Mr. Bell was directed by the Second Circuit Court of Appeals to file his appellate briefs within a certain period of time. Mr. Bell did not file his appellate briefs in a timely manner. It is our understanding, based upon telephone conversations with the Clerk of the Second Circuit, that the Court has or will be dismissing Mr. Bell's appeal.

On December 17, 2007, simultaneously with the filing of the Notice of Appeal, Mr. Bell filed a second *pro se* action against Carlson Motors Cars, Inc. and Richard De Pasquale. That action is the second referenced action above. The filing of the second action is in direct violation of the Court's October 10, 2007 Order.

We write to request that the Court: (1) consolidate the two matters; (2) dismiss the second filed action on the grounds noted in the Court's Opinion dated October 10, 2007; and, (3) sanction Mr. Bell for failing to abide by the Court's Order of October 10, 2007. In the alternative, we ask that defendants be granted an extension of time up to and including May 30, 2008 to answer or otherwise respond to the second action.

Respectfully submitted,

[signature]

William R. Bennett, III

cc: Mr. Renzer Bell
520 Westbrooks Street SW
Cairo, Georgia 39828
-and-
Naki@erds.com

**MEMO ENDORSED**

*Endorsement (handwritten):* Defendants are granted an extension of time to 5/30/08 to answer or otherwise respond to 06 civ. 11323 (LBS). Defendants may move for costs and sanctions whenever they wish to do so. So ordered.

[signature] LBS

5/13/08